Ray E. Gallo (SBN 158903)
rgallo@gallo-law.com
Dominic Valerian (SBN 240001)
dvalerian@gallo-law.com
**GALLO LLP**
1299 Fourth Street, Suite 505
San Rafael, CA 94901
Phone: 415.257.8800
Attorneys for Plaintiff Mandy Knowles

Jeffrey A. Topor (SBN 195545)
jtopor@snllp.com
Liana Mayilyan (SBN 295203)
lmayilyan@snllp.com
**SIMMONDS & NARITA LLP**
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
Attorneys for Defendant
United Debt Holdings, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY KNOWLES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED DEBT HOLDINGS, LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 1:14-CV-01815-AWI-GSA<br><br>**STIPULATED REQUEST AND ORDER FOR DISMISSAL** |

　　　　Pursuant to the Court's August 13, 2015 Order (ECF No. 35) and Local Rule 160 of the United States District Court for the Eastern District of California, Plaintiff Mandy Knowles and Defendant United Debt Holdings, LLC ("UDH") hereby submit this stipulated request for dismissal of the above-captioned matter. Ms. Knowles and UDH have reached a settlement that would resolve Ms. Knowles' individual claims against all Defendants. Ms. Knowles and UDH request that, pursuant to their settlement agreement, the Court dismiss Ms. Knowles' individual

claims with prejudice and dismiss the class claims without prejudice. Because a class has not been certified and because the settlement does not in any way affect the rights of absent members of the originally proposed class, the Court should dismiss this case without notice to the class.

**1. Background**

Plaintiff filed this class action lawsuit on November 19, 2014. Complaint, ECF No. 1. Plaintiff asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Defendants UDH; Nationwide Services ("Nationwide"); Hartford Mediation Group ("Hartford"); Payment Management Solutions, Inc. ("PMS"); and Vantage Point Services, LLC ("Vantage"). First Amended Complaint ("FAC"), ECF No. 23. Plaintiff alleges that UDH acquired a defaulted debt of hers and placed it with abusive debt collector Vantage for collection, despite knowing that Vantage engaged in unlawful collection practices. FAC ¶¶ 12-23, 24-28. Plaintiff alleges that Vantage (with assistance from its payment processor PMS) subsequently attempted to collect her debt in a series of phone calls by, among other things, falsely threatening her with arrest and criminal charges and misrepresenting its identity. FAC ¶¶ 29-64. Plaintiff asserts her FDCPA claim on behalf of a nationwide subclass of debtors who UDH referred to Vantage for collection and asserts her RFDCPA claim on behalf of a California subclass of debtors who UDH referred to Vantage for collection. FAC ¶¶ 70-71; 82-94.

Plaintiff has served UDH, PMS, and Vantage but only UDH has appeared. Valerian Decl. ¶ 2. Defendants Nationwide Service and Hartford Mediation Group appear to be fabrications of Vantage. *Id.* Vantage and PMS are in receivership as a result of a complaint filed by the Federal Trade Commission and the New York State Office of the Attorney General. *Id.* ¶ 3. The receiver for Vantage and PMS has indicated that Vantage and PMS are unlikely to be able to satisfy any judgment against them in this action. *Id.*

Since the filing of the action, it has become apparent that litigating this case on a class basis presents several significant challenges, including: (1) class members' primary damages consist of emotional distress, which generally is not compensable on a class basis; (2) establishing liability arguably requires an individualized inquiry into the content of class members' telephone

calls with Vantage; and (3) Vantage and PMS appear judgment proof, Nationwide and Hartford appear not to exist, and UDH has a potentially dispositive defense that it is not a "debt collector" as defined by the FDCPA and RFDCPA because it collected debts through third party debt collectors. Valerian Decl. ¶ 4; s*ee also, Gold v. Midland Credit Mgmt., Inc.*, No. 13-CV-02019-BLF, 2015 WL 1037700, at *5 (N.D. Cal. Mar. 10, 2015) (company that purchased debts from original creditor but engaged a second company to collect on those debts was not a "debt collector" under the FDCPA or RFDCPA). Accordingly, Plaintiff and UDH—the only viable Defendant—explored and reached a settlement on an individual basis. Valerian Decl. ¶ 4.

**2. Dismissal of the Pre–Certification Putative Class Claims Without Notice Is Proper**

Plaintiff and UDH request that the Court dismiss Plaintiff's claims with prejudice pursuant to their settlement agreement and dismiss the class claims without prejudice. The settlement reached encompasses all of named Plaintiff's claims and does not resolve or bar any claims by any putative absent class member.

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Where no class has been certified in this case, the requirements of Rule 23(e), do not apply. *See* Fed. R. Civ. P. 23(e), adv. comm. notes, 2003 amdts. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement....").

Although Rule 23(e) now expressly refers to certified classes, before Rule 23(e) was amended in 2003, the Ninth Circuit held that the prior version of the rule applied to pre-certification dismissals and compromises. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir.1989). In *Diaz*, the Ninth Circuit stated that pre-certification approval was required "to ensure that [a settlement] is not collusive or prejudicial." *Id.* In making that determination, the Ninth Circuit stated that "the district court should inquire into possible prejudice from (1) class members possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, and (3) any

settlement or concession for class interests made by the class representative or counsel in order to further their own interests." *Id.; see also Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *3 (E.D. Cal. July 18, 2012) (applying the *Diaz* factors); *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) (same). While it is unclear that court approval of pre-certification dismissals and compromises is required in the wake of the 2003 amendments to Rule 23(e), this Stipulation addresses the relevant factors in an abundance of caution.

### A. Absent Class Members Have Not Relied on Plaintiffs' Class Claims

"With respect to 'reliance' on the part of absent putative class members, '[t]he danger of reliance is ... generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation.'" *Lewis*, 2012 WL 2930867, at *3 (quoting *Del Rio v. CreditAnswers, LLC*, 2011 WL 1869881 (S.D.Cal.2011)). This action has not been the subject of media coverage, and does not otherwise appear to be of significant public interest. Valerian Decl. ¶ 5. Accordingly, it is unlikely that any absent class member has opted to rely on this case rather than pursue action of his or her own.

### B. Absent Class Members Will Not Be Prejudiced by a Rapidly Approaching Statue of Limitations

"In considering whether the putative class members will be prejudiced by the dismissal, the Court considers 'possible prejudice from ... lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations.'" *Lewis*, 2012 WL 2930867, at *4 (quoting *Diaz*, 876 F.2d at 1408).

Absent class members will not be prejudiced here. The filing of a class action on both federal and state law claims tolls the applicable statute of limitations for members of the putative class. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-554 (1974); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1122 (1988). The statutes of limitations will resume running when Plaintiff's class claims are dismissed. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985)

1  (statute of limitations resumed running on plaintiff's Section 1983 claims after class certification

2  denied). As such, putative class members will be in the same position upon dismissal of the class

3  claims as when the suit was initially filed. Accordingly, there is no prejudice to the class. *See*

4  *Lewis*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *4 (finding notice to the class was not

5  required where class members were in the exact same position with respect to the statute of

6  limitations upon dismissal of the class claims as when the suit was initially filed).

7  **C. Plaintiffs Have Not Made Any Concession of Class Interests to Further Their Own**
8  **Interests**

9  The class claims in this case are being dismissed without prejudice, so there has been no

10  "settlement or concession" of class interests. Moreover, while the Settlement Agreement provides

11  for its terms to remain confidential, Plaintiff's recovery is within the reasonable range of the

12  value of her individual claim based on comparable verdicts and settlements for individual claims

13  and Plaintiff's counsel's recovery does not exceed their costs and lodestar. Valerian Decl. ¶ 6.

14  **3. Dismissal of the Claims Against Nationwide, Hartford, PMS, and Vantage Is Proper.**

15  Although Nationwide, Hartford, PMS, and Vantage do not join in this stipulation, Plaintiff

16  may dismiss them without their consent because they have not appeared. *See* Fed. R. Civ. P.

17  41(a)(1).

18  **NOW, THEREFORE, PLAINTIFF AND UDH HEREBY STIPULATE, AGREE,**
19  **AND RESPECTFULLY REQUEST** as follows:

20      1. That the Court dismiss Plaintiff Mandy Knowles' individual claims in their
21         entirety, with prejudice;

22      2. That the Court dismiss the claims of the putative class members in their entirety,
23         without prejudice; and

24      3. That, except as otherwise expressly agreed in writing, the parties shall each bear
25         their own attorneys' fees and costs.

26

27

28

**IT IS SO STIPULATED.**

DATED: September 16, 2015          **GALLO LLP**

By: /s/ Dominic Valerian
Ray E. Gallo
Dominic Valerian
Patrick V. Chesney
Attorneys for Plaintiff

DATED: September 9, 2015           **SIMMONDS & NARITA LLP**

By: /s/ Jeffrey A. Topor (as authorized on September 9, 2015)
Jeffrey A. Topor
Liana Mayilyan
Attorneys for Defendant
United Debt Holdings, LLC

## **ORDER**

Accordingly, in light of the parties' stipulation, it is hereby ordered that:

1. Plaintiff Mandy Knowles' individual claims in their entirety are dismissed with prejudice;
2. The claims of the putative class members are dismissed in their entirety, without prejudice;
3. Except as otherwise expressly agreed in writing, the parties shall each bear their own attorneys' fees and costs; and
4. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: September 16, 2015          _____
                                    SENIOR DISTRICT JUDGE